UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** ED CV 14-00560-MWF (JEMx)     **Date:** March 26, 2014
**Title:**     Corona Dolphin, L.P. -v- GE Aviation Systems, LLC, et al.

**Present:**     The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

     Deputy Clerk:      Court Reporter:
     Rita Sanchez      Not Reported

     Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
     None Present      None Present

**Proceedings (In Chambers):**    ORDER TO SHOW CAUSE RE: CITIZENSHIP

     On February 13, 2014, Plaintiff Corona Dolphin, L.P. ("Corona Dolphin") filed a Complaint initiating this action in the Superior Court of California for the County of Riverside, against Defendant GE Aviation Systems, LLC ("GE Aviation"). (Docket No. 1, Ex. A). On March 21, 2014, Defendant removed this action to United States District Court by filing a Notice of Removal. (Docket No. 1). The case was assigned to this Court on March 24, 2014. GE Aviation asserts federal subject matter jurisdiction on the basis of complete diversity of citizenship, pursuant to 28 U.S.C. § 1332. (*Id*. ¶¶ 5-10). However, the allegations in the Notice of Removal are insufficient to support this assertion.

     GE Aviation is a Delaware limited liability company with its principal place of business "in Schenectady, New York" and Corona Dolphin is a California limited partnership with its principal place of business "in Irvine, California." (*Id.* ¶¶ 6-7, citing Compl. ¶¶ 1-2). However, these allegations do not suffice to establish GE Aviation's or Corona Dolphin's citizenship for the purposes of diversity jurisdiction.

     It is well established that a limited partnership is a citizen of every state of which any partner is a citizen, including both the general and limited partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990) (holding that diversity jurisdiction cannot solely be based on the citizenship of general partners, but instead must be based on the citizenship of all partners). Further, "an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  ED CV 14-00560-MWF (JEMx)**          **Date:  March 26, 2014**
Title:     Corona Dolphin, L.P. -*v*- GE Aviation Systems, LLC, et al.

LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (determining citizenship based on the defendant's affidavit, which described the citizenship of each of the three members of the two LLCs).  The Notice of Removal lacks sufficient allegations about the citizenship of the members of GE and also lacks sufficient allegations about citizenship of the partners of Corona Dolphin.

Accordingly, the Court **ORDERS** GE Aviation to **SHOW CAUSE**, **in writing**, within **14 days**, why this matter should not be remanded to the Riverside County Superior Court.  Failure to respond by the above date will result in remand.

This Order to Show Cause is not meant to abrogate any right of Corona Dolphin to move for remand on other grounds.

IT IS SO ORDERED.